ment to be issued by Bowles, a justice of the peace, in favor of Jones Brothers against John Lamon, and having done so maliciously and out of mere vexation and without any reasonable or probable cause, procured and caused the attachment to be levied by Bartlett, a lawful constable, upon a horse and phaëton at the time in petitioner's possession and her property, and the constable, being thus made the tool to carry out the malicious and wicked purpose of defendant, stopped petitioner and the horse and phaëton upon the public streets in Columbus and took them from her in the presence of a great multitude, etc. Defendant demurred upon the ground that the plaintiff did not allege that the levy was made by the order or direction of defendant, or that he was at the time present aiding and abetting the officer therein, or that the same was afterwards ratified by him, or that he had any knowledge, before or at the time of the levy, of the officer's intentions and purposes, actings and doings. Plaintiff obtained a verdict for $35, and defendant's motion for a new trial was overruled. It is unnecessary to set out the grounds of the motion.

Miller & Miller, for plaintiff in error.
Thornton & McMichael, contra.

---

Ferguson et al. v. The Beck & Gregg Hardware Co.

1. Where an execution against an administratrix directs the seizure, not of her individual property, but of the property of her intestate in her hands to be administered, an entry of levy made by the proper officer on the execution, to the effect that he had levied on certain described land as the property of the administratrix, should be construed as meaning the property of the estate which she represented and not her own property individually. The levy, though informally entered, is a sufficient exercise of the power conferred by the writ. Gibson v. Robinson, 90 Ga. 756, 16 S. E. Rep. 969.
2. It is not cause for a new trial that the losing party neglected to inform his counsel of an obviously material fact until the trial

was in progress, and that a remark then made was not heard by counsel and consequently that he remained ignorant of the fact until after the trial was concluded. Due diligence in preparing for trial would have obviated any want of a full and correct understanding of the case.    *Judgment affirmed.*

July 17, 1893.

Levy and claim. Before Judge MARTIN. Talbot superior court. September term, 1892.

The execution " commanded, that of the goods and chattels, land and tenements, of T. L. Patrick deceased, in the hands of Mrs. S. C. Patrick, adm'x," certain sums be made, which plaintiffs " recovered against the said Mrs. S. C. Patrick, adm'x of T. L. Patrick." The levy was upon a house and lot "as the property of Mrs. S. C. Patrick, administratrix of the estate of T. L. Patrick, deceased." The property was found subject, and claimant's motion for a new trial was overruled. The motion contained the general grounds, and the ground that on the trial Ferguson, one of claimants, while the testimony was being introduced, told Willis, counsel who was examining the witnesses, that the property levied on was sold at administrator's sale as the property of Patrick and bought by claimants at said sale, and Willis did not hear what was said to him and for that reason it was not proved; it being a fact that the property was so sold by the administratrix and bought by claimants and their title derived from said purchase; and it was not because of counsel's or claimants' negligence that the testimony was not introduced; the other counsel for claimants not being present when Ferguson made such statement, and not knowing of it. In support of this ground was produced the affidavit of Ferguson, that the sale by the administratrix was made on January 3, 1888, at regular administratrix's sale under regular order of the court of ordinary after legal advertisement; that claimants bought the property at this sale and paid the purchase

money therefor, $202; and that during the trial he told this to Willis, one of his counsel. Also, affidavit of Willis, that he did not know of the facts stated, and did not hear Ferguson tell him the property had been sold at administratrix's sale. Also, affidavit of the other counsel for claimants, that he did not know of the administratrix's sale when the case was tried, and did not know until after the trial that the property had been sold.

WILLIS & PERSONS, for plaintiffs in error.

A. J. PERRYMAN and J. J. BULL, contra.

---

LEWIS, survivor, v. EDWARDS et al.

| 92 | 533 |
| 99 | 167 |

| 92 | 533 |
| 103 | 762 |
| 92 | 533 |
| 124 | 883 |

Where creditors of an insolvent trader held a valid mortgage covering all his property, and for an amount sufficient to exhaust all the proceeds thereof, which mortgage was made and recorded before the filing of a creditor's petition against the trader, upon which the sheriff was appointed receiver, and as such converted the property into cash, but before the sale by him the mortgagees, without becoming parties to the petition, had foreclosed their mortgage and placed the *fi. fa.* in the sheriff's hands for collection, they are not chargeable with the fees of attorneys for filing the petition and bringing the fund into court, nor with the costs of the petition. As to them, there was no equity in the petition, no necessity for filing it, and they derived no benefit therefrom. This case differs from *Lowry Banking Co. et al.* v. *Abbott & Smith*, 87 *Ga.* 134, in which the secured creditor had itself made a party to the petition for a receiver.                     *Judgment affirmed.*

July 17, 1893.

Petition to distribute fund.  Before Judge BOWER. Dougherty superior court.  October term, 1892.

Under a creditor's petition filed by Lewis as surviving partner against Edwards and others, Lewis being the owner of a third in amount of the debts due by Edwards who was a merchant at the time of filing the petition, a receiver was appointed for the stock of goods of Edwards.  Wight & Wessolowsky held a mortgage on the same stock of goods, which was foreclosed and placed